## FRED ZULLO v. CARMELLA ZULLO

SUPERIOR COURT      FAIRFIELD COUNTY      FILE No. 84637

Memorandum filed September 21, 1951.

*Joseph Shapiro,* of Bridgeport, for the Plaintiff.

*McNamara, Kaufman & Jones,* of Bridgeport, for the Defendant.

BORDON, J. The court is not impressed by the testimony of the plaintiff in this case. His statement to the police immediately following the accident, his testimony in the New Canaan Town Court, his motor vehicle report and his statement to a representative of his insurer all conflict with his testimony in the instant case. His testimony that he threw away the flashlight when its preservation was so important to corroborate his current claim adds doubt in the court's mind. It is the court's opinion that he concocted the story to use as a weapon against his wife when his ire so moved him.

Furthermore, even if the court accepted his story as a true one he could not prevail in this proceeding. What he is virtually saying to the court is that "my wife and I conspired to commit a fraud on the insurance company" and that. "I am a liar and a cheat and so is my wife and for that reason I want a new trial."

Section 8013 of the General Statutes provides the causes for which new trials may be granted and none of them apply to the instant facts. There is no claim of mispleading, the discovery of new evidence or want of actual notice. In the trial of the case before the jury Mrs. Zullo testified that she did not remember how the accident happened because she was unconscious for

some time after the accident. Therefore, the jury's verdict must have been based on factual testimony of other witnesses. It is not claimed that Mrs. Zullo lied, but that the plaintiff in this case failed to give testimony that would have changed the result had he given it. That of course assumes that he would have been believed by the jury. In view of his many contradictory statements prior to his last one, it cannot be said that his testimony would have changed the result.

Upon a petition for a new trial, the burden of proving that the newly discovered evidence, if offered, would probably bring about a different result, is upon the plaintiff, and in determining that issue upon a hearing of such a petition, the trial court has the right and duty to exercise its sound discretion. *Pradlik* v. *State,* 131 Conn. 682, 686.

The court, in exercising its discretion, cannot permit the plaintiff to profit by his own duplicity and fraud, and does not believe that the new evidence would have brought about a different result.

The court is not unmindful of the fact that the real plaintiff in this case is the plaintiff's insurer. The insurer has its contractual rights under its policy and may advance any defense it may have against the payment of the verdict. But it cannot obtain a new trial for reasons not sanctioned by the statute, or for fraud committed by the petitioning party even though that fraud may have been shared in by the plaintiff.

The petition is dismissed and the relief sought therein denied.